ALFRED DAYBILL and others, trustees of Fidelity Liquidating Trust, &c., complainants-appellees,

*v.*

THEODORE M. LUCAS, defendant-appellant.

[Submitted February term, 1937.   Decided April 30th, 1937.]

*Mr. Ferdinand A. Delapenha,* for the defendant-appellant.

*Messrs. Harrison & Reinhardt* (*Mr. Julian C. Harrison* and *Mr. William E. Reinhardt*), for the complainants-appellees.

The opinion of the court was delivered by

BODINE, J.

The fifteen trustees of the Fidelity Liquidating Trust brought in the court of chancery a proceeding for the specific performance of a contract for the sale of land. The deed tendered names the fifteen trustees as grantors, and is executed on their behalf by William K. Paton and M. J. Hartung, "designated trustees." Endorsed on the deed is this certificate duly signed by the two so designated:

"We, the undersigned, two of the trustees of the Fidelity Liquidating Trust referred to in the above acknowledgment and who executed the within instrument, do hereby certify, pursuant to the provisions

of said declaration of trust, that we have been designated by the trustees to make, execute and deliver the foregoing instrument and this certificate on their behalf, and that a majority of said trustees have directed the execution of this instrument and that said authorization is still in full force and virtue."

The deed of conveyance to the trustees provided as follows:

"All contracts, agreements, conveyances, deeds, assignments, bonds, mortgages, and other instruments of every character made, or to be made, on behalf of the trust estate or the trustees, *may be executed by any two of such of the trustees as may be designated from time to time by the trustees.* The certificate in writing of any two of the trustees as to *their own designation by the trustees to act* or as to any resignation from, or other vacancy in the office of the trustee, or as to the selection or qualification to act of any trustee, or as to any action taken by the trustees, or as to the concurrence therein of any number of the trustees, or as to the existence or non-existence of any modification of the trust deed, may always be relied upon as conclusive evidence in favor of all persons dealing in good faith with the trustee in reliance upon such certificate."

The court of chancery granted specific performance holding that the executing trustees were not agents for the others, and that hence there was no requirement that their power be of the form and evidenced as required under the Conveyancing act, section 5, *Comp. Stat. p. 1535.*

It is to be noted that the deed of conveyance to the trustees authorizes conveyances by any two trustees designated from time to time by the trustees for that purpose. However, we cannot regard the instrument as in anywise affecting the requirements of section 5 of the Conveyancing act, *supra.* In order that a conveyance of land may be valid, when executed by an agent in writing, the power, signed and acknowledged, must be recorded. If this rule were not adhered to the door might be opened to any amount of confusion and doubt concerning land titles. Just what may have been the purpose of the draftsman of the original deed of trust in providing that the two trustees designated might prove their own designation is not clear. But whatever the purpose may have been the provision cannot be construed so as to overcome the clear and explicit requirements of the Conveyancing act.

The decree appealed from is reversed.

582

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   15.